## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

| In re: | § | |
| --- | --- | --- |
| | § | |
| J.M.S. TRUCKING CO. OF ILLINOIS | § | Case No. 07-19519 |
| | § | |
| Debtor(s) | § | |

### NOTICE OF SUCCESSOR TRUSTEE'S FINAL REPORT AND
### APPLICATIONS FOR COMPENSATION
### AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that BRENDA PORTER HELMS, successor trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
CLERK OF THE COURT
219 s. DEARBORN STREET
CHICAGO IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:30 a.m. on Friday, May 8, 2015 in Courtroom 240,
Kane County Courthouse
100 S. Third Street
Geneva Illinois

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____    By: Jeffrey P. Allsteadt
                                         CLERK OF U.S. BANKRUPTCY
                                                 COURT

*BRENDA PORTER HELMS, SUCCESSOR TRUSTEE*
*3400 W. LAWRENCE AVENUE*
*CHICAGO, IL 60625*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| J.M.S. TRUCKING CO. OF ILLINOIS | § | Case No. 07-19519 |
| | § | |
| Debtor(s) | § | |

## SUMMARY OF SUCCESSOR TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION

| | |
|---|---|
| The Final Report shows receipts of | $ |
| and approved disbursements of | $ |
| leaving a balance on hand of[1] | $ |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 1 | CNH Capital America LLC | $ | $ | $ | $ |

| | |
|---|---|
| Total to be paid to secured creditors | $_____ |
| Remaining Balance | $_____ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: BRENDA HELMS, SUCC. TRUSTEE | $ | $ | $ |
| Attorney for Trustee Fees: GROCHOCINSKI , GROCHOCINSKI & LLOYD | $ | $ | $ |
| Attorney for Trustee Expenses: GROCHOCINSKI , GROCHOCINSKI & LLOYD | $ | $ | $ |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (5/1/2011) *(Page: 2)*

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Accountant for Trustee Fees: SCOTT, HOREWITCH, PIDGEON & ABRAMS, LLC | $ | $ | $ |
| Other: Arthur B. Levine Company | $ | $ | $ |
| Other: Martin Healy Law Firm | $ | $ | $ |
| Other: Martin Healy Law Firm | $ | $ | $ |
| Trustee Fees: D. GROCHOCINSKI, TRUSTEE | $ | $ | $ |

　　　　Total to be paid for chapter 7 administrative expenses　　　　$_____

　　　　Remaining Balance　　　　$_____

　　Applications for prior chapter fees and administrative expenses have been filed as follows:

　　　　　　　　　　　　　　　NONE

　　In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $　　　　　must be paid in advance of any dividend to general (unsecured) creditors.

　　Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 9P | Illinois Dept of Employment Security | $ | $ | $ |
| 10P | Department of the Treasury | $ | $ | $ |

　　　　Total to be paid to priority creditors　　　　$_____

　　　　Remaining Balance　　　　$_____

　　The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

　　Timely claims of general (unsecured) creditors totaling $　　　　　have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be　　　percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | CNH Capital America LLC | $ | $ | $ |
| 3 | CNH Capital America LLC | $ | $ | $ |
| 4 | T-Mobile USA Inc. | $ | $ | $ |
| 5 | GMAC | $ | $ | $ |
| 6 | Land Reclamation Services | $ | $ | $ |
| 7 | Material Service | $ | $ | $ |
| 8 | Maria Colella, Sp. Admin of Estate of F. Colella | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance                                                              $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 9U | Illinois Department of Employment Security | $ | $ | $ |
| 10U | Department of the Treasury | $ | $ | $ |

Total to be paid to tardy general unsecured creditors          $_____

Remaining Balance                                                              $_____

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/_____

*BRENDA PORTER HELMS, TRUSTEE*
*3400 W. LAWRENCE AVENUE*
*CHICAGO, IL 60625*

**STATEMENT:**  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.